FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

OCT 2 6 2023

TAMMY H. DOWNS, CLERK
By:_____
DEP CLERK

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
HELENA DIVISION**

| | | |
|---|---|---|
| RANDY K. FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 2:23-cv-217-BSM |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT AT LAW

**NOW COMES** the plaintiff, RANDY K. FORREST, by his attorneys, Muslin Law - Steven B. Muslin, Ltd., through Steven B. Muslin, and complaining of the defendant states as follows:

That this Complaint was previously filed on July 6, 2020 under *Case No. 2:20-cv-141-BSM* and was voluntarily dismissed without prejudice on October 26, 2022.

That this matter is being re-filed within a year of the dismissal of October 26, 2022.

### I. INTRODUCTION

1.     This lawsuit results from a (1) failure to provide a safe custodial experience to RANDY K. FORREST at the Federal Correctional Complex in Forrest City, Arkansas ("FCC Forrest City") and (2) failure to follow the accepted standard of care in providing medical care to RANDY K. FORREST. These aforementioned injuries resulted in significant and permanent injuries to the plaintiff. This is a suit against the UNITED STATES OF AMERICA under the Federal Tort Claims Act seeking monetary damages and is not subject to any exceptions contained in 28 U.S.C. § 2680.

This case assigned to District Judge __Miller__
and to Magistrate Judge__Kearney__

## II. PARTIES

**A.      Plaintiff**

2.      RANDY K. FORREST ("FORREST") is a citizen of the State of Arkansas residing in Polk County. At all times relevant herein, FORREST was an inmate at FCC Forrest City.

**B.      Defendant**

3.  UNITED STATES OF AMERICA, through the Federal Bureau of Prisons, an agency of the U.S. Department of Justice, provides custody and care to its inmate resident population, including medical care.

## III. JURISDICTION

4.      The court has jurisdiction over the lawsuit under 28 U.S.C. § 1346(b) because the suit involves a claim against the United States for personal injury caused by the negligent act of a government employee while acting within the scope of his/her employment. This cause of action arises under the Federal Tort Claims Act, 28 U.S.C. § 2671, *et seq.*

## IV. VENUE

5.      Venue is appropriate in the Eastern District of Illinois pursuant to 28 USC § 1402(b) because the act or omission in the complaint occurred in this district.

## V. CONDITION PRECEDENT

6.      On March 5, 2019, the plaintiff served administrative claims with the U.S. Department of Justice, Federal Bureau of Prisons (received on March 14, 2019) seeking the sum total of $2,500,000. (*See* attached Exhibit "A")

7.  On March 21, 2019, Regional Counsel of the South Central Regional Office for the

*Complaint at Law*

Federal Bureau of Prisons sent a letter acknowledging receipt of the claim (Administrative Tort Claim – TRT-SCR-2019-03061). (*See* attached Exhibit "B")

8.      On January 10, 2020, the U.S. Department of Justice, Federal Bureau of Prisons, North Central Regional Office, sent FORREST a "Final Denial of Claim." (*See* attached Exhibit "C")

9.      Pursuant to 28 U.S.C. § 2675, Plaintiff is authorized to file suit against the United States.

10.      Counsel for the plaintiff has consulted with at least one expert who (i) is believed to be competent under Arkansas Rule of Evidence 702 to express an opinion in the action and (ii) concludes on the basis of the available information that there is a reasonable basis to assert the claim. *See Bramlett v. Wellpath*, 2020 WL 524359, at *7 (W.D. Ark. 2020) ("The Arkansas Supreme Court has already struck down the 30-day provision [of Ark. Code Ann. § 16-114-209(b)(3)(A)] as unconstitutional. *Summerville v. Thrower*, 369 Ark. 231, 253 S.W.2d 415 (Ark. 2007). The affidavit requirement was then replaced in 2015 by an Amendment to Rule 11 of the Arkansas Rules of Civil Procedure allowing an attorney to certify that he or she has consulted with and obtained an opinion from an expert.").

## VI. VICARIOUS LIABILITY

11.      Whenever in this petition it is alleged that a defendant did any act or thing, it is meant that the defendant's agents, officers, servants, borrowed servants, employees or representatives did such act or thing and that the time such act or thing was done, it was done with the full authorization or ratification of defendant or was done in the normal and routine course and scope of employment of defendant's officers, agents, servants, borrowed servants, employees or representatives. The principal is vicariously liable for the acts of the agent because

*Complaint at Law*

of an employer employee status, agency by estoppel, ostensible agency or borrowed servant doctrine.

### VII. FACTS

12.    On, before, and after March 6, 2017, and at all times relevant, employees of the Federal Bureau of Prisons were deemed by the U.S. Department of Justice to be an employee of the UNITED STATES OF AMERICA pursuant to 42 U.S.C. § 233, for Federal Tort Claims Act purposes.

13.    On, before, and after March 6, 2017, and at all times relevant, the Federal Bureau of Prisons was an agency of the U.S. Department of Justice, which is a Cabinet department of the UNITED STATES OF AMERICA.

14.    That at all times complained of herein, defendant UNITED STATES OF AMERICA operated licensed health care facilities located at, *inter alia*, FCC Forrest City.

15.    At all times material herein, the UNITED STATES OF AMERICA employed various physicians, physician assistants, nurses, pharmacists, technicians and/or other healthcare professionals that acted as its actual and/or apparent agents and/or employees relative to the care rendered to FORREST.

16.    At all times material herein, the UNITED STATES OF AMERICA employed various physicians, physician assistants, nurses, pharmacists, technicians and/or other healthcare professionals that were deemed to be employees of the UNITED STATES OF AMERICA pursuant to 42 U.S.C. § 233, for purposes of the Federal Tort Claims Act.

17.    At all relevant times herein, FORREST was entitled to receive adequate medical treatment.

*Complaint at Law*

18. At all relevant times herein, the UNITED STATES OF AMERICA was responsible for delivering medically necessary health care to inmates in accordance with the applicable standard of care.

19. When the UNITED STATES OF AMERICA cannot fully meet inmates' health care needs, the UNITED STATES OF AMERICA relies upon outside medical facilities including, but not limited to, the Regional Medical Center at Memphis (popularly known as "The MED"), which is part of Regional One Health and located at 877 Jefferson Avenue in Memphis, TN.

20. At all times relevant herein, FORREST did not have the ability to, on his own initiative, to make a medical appointment with a specialist or obtain the proper medications, but relied fully upon the UNITED STATES OF AMERICA and its employees to ensure he received proper care

21. On April 22, 2016, FORREST underwent right femoropopliteal ("fem-pop") with reversed saphenous vein graft.

22. On April 23, 2016, FORREST underwent a fem-pop thrombectomy on the right lower extremity.

23. On April 24, 2016, FORREST underwent a redo fem-pop with polytetrafluoroethylene ("PTFE") bypass graft and vein cut-off in his right lower extremity.

24. On May 4, 2016, FORREST underwent a rectus flap for graft coverage of the right groin.

25. On January 12, 2017, FORREST saw for his previously-scheduled vascular consult with Dr. Shaun M. Stickley at The MED; FORREST was directed to follow up in three

*Complaint at Law*

(3) months for right lower extremity ("RLE") duplex ultrasound ("U/S") for evaluation of the fem pop.

26.     On February 2, 2017, FORREST was seen by E. Williams, RN in health services complaining of pain in right groin area.

27.     Nurse Williams was advised FORREST swelling that started four days ago and (a) had not gone down, (b) was painful, and (c) was causing neuropathy to worsen in right leg.

28.     Nurse Williams documented that "PA notified and assessed. PA notified MD, who assessed and per MD verbal order, inmate is to have two Tylenol/codeine now. Inmate has this med prescribed already and missed am dose, so that dose was given and checked off electronic MAR. Inmate placed in scheduler to be seen."

29.     Despite his prior history and then-present clinical presentation, on February 2, 2017, FORREST was not referred to a vascular specialist.

30.     On February 17, 2017, FORREST was seen by Michelle Wingo, PA-C in health services complaining of continued pain to right groin at site of previous incision and history of clear, "sticky" drainage to area last week.

31.     Despite his prior history and then-present clinical presentation, on February 17, 2017, FORREST was not referred to a vascular specialist.

32.     On February 27, 2017, FORREST was seen by Michelle Wingo, PA-C in health services to follow-up his right groin infection.

33.     Drainage was reported in Plaintiff's groin area.

34.     Despite his prior history and then-present clinical presentation, on February 27, 2017, FORREST was not referred to a vascular specialist.

35.    On March 6, 2017, FORREST was seen by Michelle Wingo, PA-C in health services for daily dressing change with RN. FORREST reported continued drainage from the right groin at site of previous incision.

36.    On March 6, 2017, FORREST was transferred from the Forrest City FCI (USBOP) to The MED and re-presented with signs of an injected graft.

37.    On March 7, 2017, FORREST underwent explanation of a right fem pop PTFE bypass graft.

38.    On March 10, 2017, FORREST underwent a right lower extremity guillotine below-knee amputation ("BKA"), due to diffuse gangrenous right foot.

39.    On March 16, 2019, FORREST underwent right transfemoral amputation (a/k/a above-the-knee amputation ("AKA")) due to functionally limiting right knee contracture.

40.    That at all times relevant herein, RANDY K. FORREST was in the exercise of due care and caution for his own safety and well being and following the laws of the State of Illinois.

**COUNT I**
**(MEDICAL MALPRACTICE)**

41.    Plaintiff restates and incorporates by reference as if fully set forth herein paragraphs 1 through 40.

42.    Under the Federal Tort Claims Act, the UNITED STATES OF AMERICA is liable for the above-described actions of the federal agents, as they were acting within the scope of their employment.

43.    That at all times complained of herein, the UNITED STATES OF AMERICA had a duty to avoid needlessly endangering patients.

7 of 9

*Complaint at Law*

44. That at all times complained of herein, the UNITED STATES OF AMERICA had an independent duty to assume responsibility for the care of the patients.

45. That at all times complained of herein, the agents and/or employees of the UNITED STATES OF AMERICA had a duty to exercise that degree of care, skill, and caution in administering medical care and treatment to RANDY K. FORREST that a reasonably trained health care professional in the same or similar community at that time would exercise in the same or similar case under like circumstances.

46. That at all times complained of herein, the UNITED STATES OF AMERICA had a duty to exercise that degree of care, skill, and caution in administering medical treatment and services to patients, including RANDY K. FORREST, that a reasonably licensed health care facility operating in the same or similar community would exercise under the same or similar circumstances.

47. UNITED STATES OF AMERICA, by and through the actions and/or omissions of its employees, agents and/or apparent agents, breached its duties and was negligent in one or more of the following respects:

(a) Carelessly and negligently failed to refer RANDY K. FORREST to a vascular surgeon on February 2, 2017;
(b) Carelessly and negligently failed to refer RANDY K. FORREST to a vascular surgeon on February 17, 2017;
(c) Carelessly and negligently failed to refer RANDY K. FORREST to a vascular surgeon on February 22, 2017.

48. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, RANDY K. FORREST suffered significant and permanent injuries.

49. As a direct and proximate result of one or more of the foregoing negligent acts and/or omissions of the defendant, RANDY K. FORREST was deprived of a chance to recover

*Complaint at Law*

from his health problem and/or the malpractice lessened the effectiveness of treatment or increased the risk of an unfavorable outcome to the plaintiff.

**WHEREFORE** the plaintiff, RANDY K. FORREST, prays this court for damages according to proof and for such other and further relief as this Court deems just

Respectfully submitted,

By: *Steven B. Muslin*

Steven B. Muslin, ARDC No. 2005093
**Muslin Law– Steven B. Muslin, Ltd.**
19 South LaSalle Street, Suite 700
Chicago, Illinois 60603
Tel: (312) 263-7249, Cell (312) 607-4357
Temporary Fax: (773) 278-7717
E-Mail: steven@muslinlaw.com
Assistant: juanita@muslinlaw.com
Firm ID No. 23728

*Complaint at Law*

# EXHIBIT A

additional instructions.

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
| Bureau of Prisons<br>320 First Street NW<br>Washington, DC 20534     Federal Correctional Complex Low<br>P.O. Box 6000<br>Forrest City, Arkansas 72336 | Randy Forrest<br>c/o Muslin & Sandberg<br>19 South LaSalle Street, Suite 700<br>Chicago, Illinois 60603 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M.) |
|---|---|---|---|---|
| ☐ MILITARY ☐ CIVILIAN | 08/24/1959 | Single | 03/08/2017 to 03/15/2017 | |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary).

Claimant was an inmate at Forrest Correctional Complex, he had developed vascular problems in his right leg. He underwent surgery for this condition at Regional One Hospital, a local hospital, he was released on January 1, 2017 between then and March 8, 2017, the medical staff at the institution failed to properly treat and/or refer Mr. Forrest to the facility which had done the surgery. On March 6, 2017, they sent the inmate back to the hospital as his toes were turning black. On March 8, 2017, they amputated part of the right leg and on March 15, 2017 they completed an amputation below the knee.

**9.**               **PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, State, and Zip Code).

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side).

**10.**             **PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT.

Amputation of right leg below the knee

**11.**             **WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| None other than claimant and those contained in the medical records | |

| 12. (See instructions on reverse). | AMOUNT OF CLAIM (in dollars) | | |
|---|---|---|---|
| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
| | $2.5 Million | | |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side) | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| *[signature]* | 312-263-7249 | 3/5/19 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government. (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable
95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance?  ☐ Yes    If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number.  ☒ No

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible?  ☐ Yes  ☒ No    | 17. If deductible, state amount.

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

19. Do you carry public liability and property damage insurance?  ☐ Yes    If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code).  ☒ No

## INSTRUCTIONS

**Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident.  If the incident involves more than one claimant, each claimant should submit a separate claim form.**

**Complete all items - Insert the word NONE where applicable.**

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONA INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITH **TWO YEARS** AFTER THE CLAIM ACCRUES.

Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid.  A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted.  Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations.  If more than one agency is involved, please state each agency.

The claim may be filed by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant.  A claim presented by an agent or legal representative must be presented in the name of the claimant.  If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

The amount claimed should be substantiated by competent evidence as follows:

(a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

(b) In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimate by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

(c) In support of claims for damage to property which is not economically repairable, or the property is lost or destroyed, the claimant should submit statements as to the origina cost of the property, the date of purchase, and the value of the property, both before and after the accident.  Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

(d) Failure to specify a sum certain will render your claim invalid and may result ii forfeiture of your rights.

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you ar submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary.  However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is solely for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information.  Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts

# EXHIBIT B



**Federal Bureau of Prisons**

**South Central Regional Office**

*U.S. Armed Forces Reserve Complex*
*344 Marine Forces Drive*
*Grand Prairie, TX   75051*

**MAR 21 2019**

**RECEIVED**
**MAR 2 5 2019**
**BY:** ........................

Muslin & Sandberg
19 South LaSalle Street
Suite 700
Chicago, Illinois 60603

Re:  Administrative Tort Claim - TRT-SCR-2019-03061
      Your Client - Randy Forrest
      BOP Register Number - 08133-010

Dear Sir/Madam:

This acknowledges our receipt of your claim dated March 5, 2019, filed pursuant to the Federal Tort Claims Act as representative of Randy Forrest.  The claim was received by the Federal Bureau of Prisons for processing on March 14, 2019.

Claims processed pursuant to the Federal Tort Claims Act normally receive a response within six months.  Accordingly, you may expect a response from this office on or before September 13, 2019.

Please provide us with your authority to present a claim on behalf of Mr. Forrest, as agent, executor, administrator, parent, guardian, or other representative.  This document must be signed by Mr. Forrest.

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/bkv

EXHIBIT C





RECEIVED
JAN 13 2020
BY: .................

U.S. Department of Justice

Federal Bureau of Prisons

*South Central Regional Office*

*344 Marine Forces Drive*
*Grand Prairie, Texas 75051*

**SENT VIA CERTIFIED MAIL # 91 7108 2133 3932 7014 8002** January 10. 2020

91 7108 2133 3932 7014 8002

Steven B. Muslin, Esq.
Attorney at Law
Muslin & Sandberg
19 South LaSalle Street, Suite 700
Chicago, IL 60603-1491

Re:    Administrative Tort Claim Number TRT-SCR-2019-03061
       Randy Forrest, Register No. 08133-010

Dear Mr. Muslin:

The claim of your client Randy Forrest ("Forrest"), register number 08133-010, has been considered for administrative settlement under the Federal Tort Claims Act, Title 28, United States Code, Section 2672 *et seq.*, and authority granted by Title 28, Code of Federal Regulations, and Section 0.172. Mr. Forrest claims government liability in the amount of two million and five hundred thousand dollars and no cents ($2,500,000.00) for alleged negligence at the Federal Correctional Complex in Forrest City, Arkansas ("FCC Forrest City"). Mr. Forrest alleges he received negligent medical treatment at FCC Forrest City resulting in the amputation of his right leg.

The Federal Tort Claims Act § 2672 delegates to each Federal agency the authority to consider, determine and settle any claim for money damages against the United States for loss of personal property or injury caused by the negligent or wrongful act or omission of any employee of the agency while acting within the scope of his office or employment.

There is no evidence to indicate your client sustained any injury caused by the negligent or wrongful act or omission of any United States employee acting within the scope of employment. Accordingly, your claim is denied.

You are advised that if you are dissatisfied with our determination in this matter, you are afforded six months from the date of the mailing of this communication within which to bring suit in the appropriate United States District Court.

SENSITIVE BUT UNCLASSIFIED

Steven B. Mullin Esq.
Regarding Randy Forrest, Register Number 08133-010
TRT-SCR-2019-03061
Page 2

Sincerely,

Jason A. Sickler
Regional Counsel

JAS/jt

cc: DeWayne Hendrix, Complex Warden
     FCC Forrest City